UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS PAUL WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH LEHMAN, *et al*,<br><br>　　　　Defendants. | Case No.  C05-5208RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for November 18, 2005 |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56. (Dkt. #22).

　　　　In their motion, defendants argue this action is barred by a running of the statute of limitations. Plaintiff has not filed a response to defendants' motion.  For the reasons set forth below, the undersigned recommends that this action be **DISMISSED AS TIME BARRED**.

REPORT AND RECOMMENDATION
Page - 1

# FACTS

Plaintiff, a former inmate, had an earned early release date of April 25, 2000. Defendants' Motion and Memorandum in Support of Summary Judgment ("Defendant's Motion"), Exhibit 1, Attachment A, p. 1 (Dkt. #22). He was not released by the Department of Corrections ("DOC") until December 17, 2001. Id. This action was not filed until March 14, 2005. (Dkt. #7). Plaintiff filed this action, claiming the named defendants are liable for holding him past his earned early release date. Amended Complaint Under 42 U.S.C. Sections [sic] 1983 ("Amended Complaint") (Dkt. #6).

# DISCUSSION

I.  Standard of Review

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether or not to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e).

When a motion for summary judgment is made and supported as provided in Fed. R. Civ. P. 56, the adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. Id. The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257. Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

II. Plaintiff's Claim Is Time Barred

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. Usually this is a state's personal injury statute. In Washington, a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). Plaintiff was first aware he was being held past his earned early release date on

April 25, 2000, when he was not released. The alleged violation was ongoing until December 17, 2001, when he was released. For purposes of this motion, the court will use the December 17, 2001 date for the statute of limitations analysis. Therefore, plaintiff had until December 17, 2004, to file an action.

This action was commenced on March 14, 2005, when plaintiff filed his complaint and application to proceed *in forma pauperis*. (Dkt. #1, #3 and #4). The statue of limitations thus had run more than four months earlier. Plaintiff knew he had been denied his earned early release starting April 25, 2000, through December 17, 2001. He failed to file within the three year time period. Accordingly, this action is time barred and should be **DISMISSED WITH PREJUDICE**.

Finally, plaintiff argues his case should be dismissed without prejudice so that he can challenge the validity of his current civil commitment. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's reliance on Heck is misplaced. The holding of Heck precludes a plaintiff from challenging a current conviction or confinement in a civil rights action as the proper forum for an action that calls into question the propriety of current confinement is a *habeas corpus* action.

The time for plaintiff to file a *habeas* action that challenges his release date on a prior conviction has elapsed. As of November 3, 2000, plaintiff was not in custody. A *habeas* filing challenging his prior conviction would be inappropriate.

The propriety of plaintiff's current confinement at the Special Commitment Center is not an issue before this court. This action seeks damages for failing to release plaintiff from the Department of Corrections on his earned early release date. Plaintiff did not seek release from his current confinement or a ruling that the civil commitment proceedings were invalid. Accordingly, this action is time barred and should be **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons outlined above, the undersigned recommends this action be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit

REPORT AND RECOMMENDATION
Page - 3

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **November**
2  **18, 2005**, as noted in the caption.
3      Dated this 27th day of October, 2005.

                                              Karen L. Strombom
                                              United States Magistrate Judge